UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY S. MORTON,

    Petitioner,

v.                                                         Case No. 8:05-cv-1337-T-23MAP

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **O R D E R**

Morton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) challenges the validity of his 85-year sentence, which was imposed based on numerous burglary convictions from 1979. The petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a § 2254 petition for habeas corpus *sua sponte*).

The Anti-Terrorism and Effective Death Penalty Act created a limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. § 2244(d)(2).  The sentences Morton challenges became final in the early 1980s,[1] prior to the enactment of these provisions.  Consequently, his limitations period began on the date of enactment of the time limitations provision, to-wit:  April 24, 1996.  *Wilcox v. Fla. Dept. of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  His limitations period expired one year later, in April 1997, absent tolling pursuant to 28 U.S.C. § 2244(d)(2).

Morton has simply commenced this federal action many years too late.  Although in 2004 Morton commenced a state Rule 3.800 motion to correct illegal sentence, that proceeding is of no consequence because the federal limitations period expired years earlier.  "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."  *Tinker v. Moore*, 255 F.3d 1331, 1335 fn.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  Because the federal one-year period had already expired, the state motion to correct sentence did not operate to toll the federal limitations period to allow Morton to file a future federal action.

Accordingly, the petition for writ of habeas corpus is **DISMISSED** as time-barred.  The clerk shall enter a judgment against Morton and **CLOSE** this action.

ORDERED in Tampa, Florida, on August 3, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[1] The convictions were imposed in 1979 and Morton was placed on probation, which was revoked in 1982 following his conviction for another burglary.  He was then sentenced to consecutive sentences totaling 85 years.  Morton does not reveal whether he appealed those sentences.